Enesri Mohammed **ABDULKERIM**,
Petitioner,

v.

Alberto R. **GONZALES**,* Attorney
General, Respondent.

No. 04–70980.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 28, 2005.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lori A. Bametzrieder, Columbus, OH, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Mark C. Walters, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Enesri Mohammed Abdulkerim petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

■ Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, this court reviews the decision of the BIA. *Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). The BIA's finding that Abdulkerim submitted a fraudulent birth certificate supports an adverse credibility determination

*** This disposition is not appropriate for publication and may not be cited to or by the

because it goes to Abdulkerim's identity, a key element of his asylum claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum application, including identity and membership in a social group). Accordingly, substantial evidence supports the BIA's adverse credibility determination. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir.1999).

■ Because Abdulkerim failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ Abdulkerim has waived his claim for protection under the Convention by failing to raise any arguments in the opening brief challenging the denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

Oyniso AVEZOVA, Petitioner,

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.